### No. 15,888.

## HENSHAW ET AL. *v.* THE PEOPLE'S MUTUAL NATURAL GAS COMPANY.

INJUNCTION.—*Natural Gas.*—*Grant of Free Use of.*—*Improper Action of Officers of Corporation.*—Where the president and secretary of a natural gas company, with the consent of one S., who was a director of the company, but against the will and without the consent of the board of directors, granted to D. the right to take gas from the well of the company free of charge, to be used by him in his business, an injunction will lie against said D. and the officers of the company who granted the privilege to him to prevent such use of the gas.

From the Madison Circuit Court.

*J. B. Orr* and *B. McMahan,* for appellants.

*J. W. Lovett* and *S. M. Keltner,* for appellee.

COFFEY, J.—The People's Mutual Natural Gas Company was incorporated for the purpose of supplying its stockholders and others with natural gas.

After its incorporation it sunk a well upon a small tract of land owned by it, and proceeded to carry out the objects for which it was incorporated.

The affairs of the company are managed by seven directors. At the time of the grievances set out in the complaint the appellant Samuel Cassel was president, Seth B. Henshaw was secretary, and Perry Heritage was the treasurer. Without the consent or direction of the directors the appellants, Cassel and Henshaw, as president and secretary, with the consent of the appellant Sherman, who was a director, granted to John W. Davis the right to take gas from the well of the appellees, free of charge, to be used by him in burning brick at his brick-yards. He was about to tap the well for that purpose when this action was brought in the Madison Circuit Court for the purpose of enjoining him and the appellants from so doing. Upon a trial of the cause a

perpetual injunction was granted. Davis having died, his administrator declined to join in this appeal.

The only matter urged for a reversal of the judgment is that the evidence in the cause does not sustain the finding of the court.

We think there can be no doubt as to the correctness of the finding and decree of the court as to Davis. He had no right to take the gas of the appellant, which was its property, without compensation, against the will and without the consent of the directors. The consent of the appellants gave him no such authority. In determining whether the decree should have been against the appellants also it must be remembered that they and Davis were joint wrong-doers. It was proper practice, therefore, we think, to sue them jointly. It is not true, as assumed by them, that in granting to Davis the privilege of taking the appellee's gas without compensation they had done all that they could or intended to do. They, as a part of the representatives of the company, were still consenting to this wrongful appropriation of the property which they held as trustees of the stockholders of the corporation. For these reasons, among others that could be given, we think it was proper to render a joint decree against them and Davis to prevent the threatened wrong set out in the complaint.

Judgment affirmed.

Filed Nov. 2, 1892.